[L.A. No. 30143. In Bank. Jan. 16, 1974.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
GARY LENNIE PECK, Real Party in Interest.

646

**COUNSEL**

Lowell E. Lathrop, District Attorney, and David L. Pancer, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Charles E. Ward, Public Defender, and Gerald Farber, Deputy Public Defender, for Real Party in Interest.

**OPINION**

**CLARK, J.** — The People seek review by writ of mandate (Pen. Code, § 1538.5, subd. (o)) of the superior court's order suppressing evidence in a prosecution for possession of marijuana (former Health & Saf. Code, § 11530). Because the trial court's order is supported by substantial evidence, the writ plainly must be denied.

During the evening a tenant noticed three men standing in the shadows of an apartment complex. One appeared to enter the apartment through a rear window because the tenant next observed someone inside closing the window while another outside replaced the screen. The tenant called the San Bernardino County Sheriff's Department and reported a possible burglary, explaining he did not know whether the suspects lived there.

When a deputy arrived to investigate, the manager led him to the apartment reportedly entered. With his pistol drawn, the uniformed officer knocked and yelled, "sheriff's department." Defendant opened the door, stepping onto the porch. In response to the officer, defendent said he lived there; this was confirmed by the manager. The officer asked if there was a burglar in the apartment, and defendant assured him there was not, explaining he had entered through a rear window after his wife left with the key following an argument. The officer then stepped past defendant into the living room.

On the coffee table he saw two bottles containing what appeared to be marijuana seeds. From the kitchen doorway his flashlight revealed a box on the floor containing a green leafy material the officer recognized as marijuana. In one bedroom the officer discovered a water pipe filled with more green leafy material, and in another a "baggie" on a dresser containing the same substance. Returning to the living room, he arrested defendant.

■ Evidence in plain view of an officer who has reached his vantage point properly is subject to seizure. (See *Harris* v. *United States* (1968) 390 U.S. 234, 236 [19 L.Ed.2d 1067, 1069, 88 S.Ct. 992]; *People* v. *Block* (1971) 6 Cal.3d 239, 243 [103 Cal.Rptr. 281, 499 P.2d 961]; *Mozzetti* v. *Superior Court* (1970) 4 Cal.3d 699, 707 [94 Cal.Rptr. 412, 484 P.2d 84].) At least some of the evidence found in defendant's apartment would have been in plain view of an officer searching for a burglar.[1] Therefore, we must ask if the search was proper despite defendant's assurance it was unnecessary. The People contend the officer's conduct was justified on each of the following three grounds.

### 1. *Implied Consent*

■ The officer testified defendant stepped back and opened the door wider when he asked, "Can I take a look?" Had the People—rather than defendant—prevailed below, the officer's testimony would provide sub-

---

[1]Although the officer testified he smelled burning marijuana when defendant opened the door to admit him and observed marijuana seeds in the bottles on the living room coffee table when he entered the apartment, the officer insisted he searched the other rooms not to discover more contraband, but to further check for burglars.

stantial evidence to support a finding of implied consent to enter. (See *People* v. *Harrington* (1970) 2 Cal.3d 991, 995 [88 Cal.Rptr. 161, 471 P.2d 961].)

Whether defendant's consent was voluntary rather than in submission to an express or implied assertion of authority is a question of fact to be decided in light of all the facts and circumstances. (*People* v. *Smith* (1966) 63 Cal.2d 779, 798 [48 Cal.Rptr. 382, 409 P.2d 222]; *People* v. *Michael* (1955) 45 Cal.2d 751, 753 [290 P.2d 852]; *People* v. *Campuzano* (1967) 254 Cal.App.2d 52, 57 [61 Cal.Rptr. 695].) Questions asked of the prosecution by the court during argument strongly suggest the evidence was suppressed on the ground defendant's consent was given in submission to an implied assertion of authority.[2] Because the conduct attributed to defendant did not unambiguously express consent and might well have been mere deference to an apparent assertion of authority, the trial court's implied finding is supported by substantial evidence.

Moreover, the trial court's rejection of the implied consent argument is also supported by defendant's testimony that he simply did not engage in the conduct allegedly construed as manifesting consent. Whereas the officer testified defendant opened the door wider and stepped back when the officer asked permission to look inside, defendant testified the officer entered without asking permission.

"'A proceeding under section 1538.5 to suppress evidence is one in which a full hearing is held on the issues before the superior court sitting as a finder of fact.' (*People* v. *Heard* (1968) 266 Cal.App.2d 747, 749 [72 Cal.Rptr. 374].) As the trier of fact, the superior court adjudges the credibility of the witnesses. (See Witkin, Cal. Criminal Procedure (1963) § 683.)" (*People* v. *West* (1970) 3 Cal.3d 595, 602 [91 Cal.Rptr. 385, 477 P.2d 409].) By granting the motion to suppress, the superior court impliedly resolved the conflict of testimony in defendant's favor and found

---

[2]"THE COURT: . . . Now, Mr. [Deputy District Attorney] Pancer, my question then is is it a proper inquiry for the Court to wonder why he stepped back? I am assuming that the police officers' behavior was exemplary, that I would have been critical of the police had they acted in any other fashion. But now I am asking you is it proper for me to inquire as to the subjective reaction of the tenant in possession who opens a door and sees two uniformed officers standing there with guns drawn? Is that a proper line of inquiry in determining a motion under 1538.5 as to a search question? . . . .

"THE COURT: . . . My question is is it proper for me to make an analysis of the defendant's state of mind when he opened the door and saw two police officers standing there with their pistols in determining whether or not the opening of the door was a tacit consent to the entry or, in the alternative, whether it was, in effect, through fear and implied coercion?"

he did not engage in the conduct in question. (Evid. Code, § 402, subd. (c); *People* v. *West, supra.*)

## 2. *Duty to Check Premises*

■ The People contend the officer had a duty to search the apartment for burglars, even though defendant did not consent, on any one of three theories: (1) Defendant himself might have been a burglar; (2) there might have been a burglar in the apartment of whom defendant was unaware; or (3) there might have been a burglar who was keeping defendant hostage. None of these theories withstands scrutiny when the evidence is viewed in the light most favorable to the trial court's ruling—again, as it must be.

First, suspicion defendant was a burglar should have been dispelled when the manager confirmed defendant lived in the apartment.

Second, the only reason for believing a burglar was in defendant's apartment was the report an unidentified man had entered a rear window. When defendant explained it had been he, there was no longer cause for believing another might be there without defendant's knowledge.

Third, the fact defendant stepped out of the apartment to talk to the officer made the hostage possibility unlikely.

## 3. *Plain Smell*

■ The officer testified "air rushed out of the apartment" bearing the odor of burning marijuana when defendant opened the door wider to admit the officer. Again, had the People prevailed below, the officer's testimony would provide substantial evidence to support a finding the officer had probable cause to enter the apartment to arrest defendant. (See *Mann* v. *Superior Court* (1970) 3 Cal.3d 1, 7 [88 Cal.Rptr. 380, 472 P.2d 468].) However, by granting the motion to suppress, the trial court impliedly found the officer's testimony was not credible. (Evid. Code, § 402, subd. (c); *People* v. *West, supra,* 3 Cal.3d 595, 602.) Since the officer's search failed to reveal burning or smoldering marijuana, smoking equipment, or other evidence of recent marijuana usage, the trial court was not compelled to accept the officer's testimony.

The superior court's order of suppression being supported by substantial

evidence, the alternative writ of mandate is discharged and the peremptory writ denied.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.