[Crim. No. 16973. First Dist., Div. One. Sept. 19, 1978.]

THE PEOPLE, Plaintiff and Appellant, v.
GEORGE WELTSCH, Defendant and Appellant.

960

## COUNSEL

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Clifford K. Thompson, Jr., Charles R. B. Kirk and William D. Stein, Deputy Attorneys General, for Plaintiff and Appellant.

Wells & Chesney and Arthur Wells, Jr., for Defendant and Appellant.

## OPINION

**ELKINGTON, J.**—Defendant George Weltsch was charged by information with the crime of attempted grand theft. The People's theory at his preliminary hearing was that he did attempt (see Pen. Code, § 664), by *false pretenses,* to defraud certain undercover officers of money in excess of $200, with intent thus to commit grand theft as defined by Penal Code sections 484[1] and 487.[2]

The superior court record indicates that over the district attorney's objection the following proceedings were taken.

---

[1]Penal Code section 484, as relevant here, states: "Every person who shall . . . by any false or fraudulent representation or pretense, defraud any other person of money . . . is guilty of theft. . . ."

[2]Penal Code section 487 provides in relevant part: "Grand theft is theft committed in any of the following cases: 1. When the money, labor or real or personal property taken is of a value exceeding two hundred dollars ($200); . . ."

Weltsch had moved under Penal Code section 995 to set aside the information charging attempted grand theft, and to amend the information to charge only a violation of Penal Code section 351a, a misdemeanor. A subsequent order of the court recited: "Defendant's motion under 995 PC is granted with the stipulation that Information be amended to charge a violation of Section 351(a) PC alleged to have occurred on November 3, 1976. Defendant enters a plea of Guilty to VS [*sic*] 351(a) PC. . . ."

The parties construe the above order as a dismissal of the information insofar as it charged Weltsch with grand theft. We also so construe it.

The People appeal from the order of dismissal. They contend that Weltsch was properly charged with attempted grand theft. Weltsch has cross-appealed, contending that the evidence upon which his misdemeanor plea and conviction were founded was unconstitutionally seized by the officers.

The transcript of Weltsch's preliminary hearing discloses the following uncontroverted evidence.

"Joy" is the trademarked brand of a perfume which is "Made in France" and the sole distributor of which in the United States is "Jean Patou" of New York. An ounce bottle of the substance is sold wholesale in this country for $60, and retail for $100. Weltsch told a police officer and an agent of the United States Custom Service who, unknown to him were acting in an undercover capacity, that he had 200 one-ounce bottles of Joy perfume which he would sell for $18.50 each, and 100 half-ounce bottles priced by him at $10 per bottle. He said that it was "the real thing," that it was not "hot," and "that the shipment was bound for Mexico, but the peso had been devalued and therefore he got a real, real bargain on it, . . ." He produced one of the bottles for the officers; it was marked: "Made in France. Jean Patou." Weltsch then agreed, for $4,500, to sell the lot to the officers who, upon its production, seized it. The bottles' contents were not Joy perfume, but an imitation of little or no value.

The above mentioned felony charge of attempting to obtain money in excess of $200 by false pretenses followed.

■ The question presented by the People for our determination is whether *all* of the elements of the general statute proscribing obtaining

money by false pretenses, i.e., Penal Code section 484, are included in the requirements of the "special statute" of this case, Penal Code section 351a.

The controlling authority of our immediate concern is *People* v. *Ruster,* 16 Cal.3d 690 [129 Cal.Rptr. 153, 548 P.2d 353, 80 A.L.R.3d 1269]. ▇ It teaches, in simple language, that: "Prosecution under a general statute is precluded by a special statute when the general statute covers the same matter as, and thus conflicts with, the special statute. . . . However, a special statute does not supplant a general statute unless *all* of the elements of the general statute are included in the special statute . . . ." ▇ "Statutes are to be construed so as to effect the intent of the Legislature. . . . To ascertain legislative intent, the court should construe a statute with reference to the whole system of law of which it is a part." (16 Cal.3d, pp. 694, 696, and see authority there collected.)

As is well known, an essential element of the crime of obtaining money by false pretenses is that the victim *must rely* upon the false pretenses in parting with his money. (*People* v. *Ashley,* 42 Cal.2d 246, 259 [267 P.2d 271] [cert. den., 348 U.S. 900 (99 L.Ed. 707, 75 S.Ct. 222)]; *People* v. *Randono,* 32 Cal.App.3d 164, 172 [108 Cal.Rptr. 326]; *People* v. *Brady,* 275 Cal.App.2d 984, 996 [80 Cal.Rptr. 418]; 1 Witkin, Cal. Crimes (1963) § 410, p. 384.) Without such reliance the crime is not committed.

Penal Code section 351a, the special statute with which we are concerned, provides in relevant part: "Any person who sells, attempts to sell, offers for sale . . . any goods, product or output, and who willfully and falsely represents such goods, product or output to be the goods, product or output of any dealer, manufacturer or producer, other than the true dealer, manufacturer or producer . . . is guilty of a misdemeanor . . . ."[3]

---

[3]The complete text of Penal Code section 351a follows: "Any person who sells, attempts to sell, offers for sale or assists in the sale of any goods, product or output, and who willfully and falsely represents such goods, product or output to be the goods, product or output of any dealer, manufacturer or producer, other than the true dealer, manufacturer or producer, or any member of a firm or any officer of a corporation, who knowingly permits any employee of such firm or corporation to sell, offer for sale or assist in the sale of any goods, product or output or to falsely represent such goods, product or output to be the goods, product or output of any dealer, manufacturer or producer, other than the true dealer, manufacturer or producer, is guilty of a misdemeanor and punishable by a fine of not less than fifty dollars or more than three hundred dollars, or by imprisonment in the county jail for not less than twenty or more than ninety days, or both; provided, however, that this section shall not apply to any person who sells or offers for sale under his own name or brand the product or output of another manufacturer or producer with the written consent of such manufacturer or producer."

It will be seen that Penal Code section 351a does *not* require as an element of that crime's commission, that the person to whom the "goods, product or output" are "willfully and falsely" represented and sold or offered for sale, *must rely* upon the willful and false representation. Unlike the crime of theft by obtaining money by false pretenses, as initially charged in Weltsch's information, such reliance is not a necessary element of a criminal violation of section 351a. The rule of *People* v. *Ruster, supra,* 16 Cal.3d 690, that "a special statute does not supplant a general statute unless *all* of the elements of the general statute are included in the special statute," thus appears apposite here.

But Weltsch points out that his offense was not a completed sale; instead it was an "attempt" or "offer" to sell the bogus Joy perfume. He then argues, correctly (see *People* v. *Camodeca,* 52 Cal.2d 142, 146-147 [338 P.2d 903]), that "in a prosecution for *attempted* grand theft by false pretenses it is not necessary that the defendant's intended victim be deceived by the falsity of the representations made to him . . . ." (Italics added.) It follows, he says in effect, that the elements of *attempted* theft by false pretenses of Penal Code sections 484 and 664 are the same as those of an attempt or offer of sale under Penal Code section 351a.

In an inquiry whether a special criminal statute supplants a general criminal statute, our prime, if not only, consideration is whether the Legislature so intended. Weltsch so concedes. *People* v. *Ruster, supra,* declares, as noted, that such "[s]tatutes are to be construed so as to effect the intent of the Legislature." In this area, as elsewhere, that rule has been consistently reiterated. (See *People* v. *Ali,* 66 Cal.2d 277, 280 [57 Cal.Rptr. 348, 424 P.2d 932]; *People* v. *Phillips,* 64 Cal.2d 574, 582 [51 Cal.Rptr. 225, 414 P.2d 353]; *People* v. *Scott,* 259 Cal.App.2d 589, 591-592 [66 Cal.Rptr. 432]; *People* v. *Swann,* 213 Cal.App.2d 447, 451 [28 Cal.Rptr. 830].)

Applying this rule, reason does not permit the suggested conclusion that by enacting Penal Code section 351a, the Legislature intended the odd result that the special statute (§ 351a) would control where the accused attempted to sell goods under its proscribed false representations, but that the special statute would lapse and the general statutes (Pen. Code, §§ 484, 487) would then take over, where such an attempt was successful. "[I]n construing a doubtful statute, that construction is always to be preferred 'which leads to the more reasonable result.' " (*People* v. *Murata,* 55 Cal.2d 1, 7 [9 Cal.Rptr. 601, 357 P.2d 833].)

We give further consideration to the rules of *People* v. *Ruster, supra.*

A fair construction of the *language* of section 351a (see fn. 3, *ante*) indicates a legislative intent to prevent *unfair competition* by penalizing those who intentionally sell goods by representing them "to be the goods, product or output of any dealer, manufacturer or producer, other than the true [and competing] dealer, manufacturer or producer, . . ." The statute is concerned with the maintenance of fair competition in the marketplace. No intent is seen to abate the general theft, or "false pretenses" statutes in the area of the seller's fraudulent relations with his customers or the general public. It is often said that the best evidence of the legislative intent is the language used. (See *People* v. *Stanley,* 193 Cal. 428, 431 [255 P. 1]; *Rosas* v. *Montgomery,* 10 Cal.App.3d 77, 90 [88 Cal.Rptr. 907, 43 A.L.R.3d 537]; *People* v. *Moore,* 229 Cal.App.2d 221, 228 [40 Cal.Rptr. 121]; *People* v. *Rodriguez,* 222 Cal.App.2d 221, 227 [34 Cal.Rptr. 907].)

Another indication of the Legislature's intent as to the coverage of section 351a is the description given its enactment in 1917: "*An act to add a new section to the Penal Code to be numbered three hundred fifty-one a, relating to unfair competition and substitution.*" (Double emphasis added; Stats. 1917, ch. 487, p. 570.) Where there is doubt or ambiguity as to the legislative intent, such a description may reasonably be relied upon in ascertaining that intent. (*In re Bandmann,* 51 Cal.2d 388, 392 [333 P.2d 339]; *Adoption of Sewall,* 242 Cal.App.2d 208, 224 [51 Cal.Rptr. 367]; *Orange County Water Dist.* v. *Farnsworth,* 138 Cal.App.2d 518, 525 [292 P.2d 927].)

Further such evidence will be observed in the placement of section 351a in the Penal Code. Section 351a will be found in that code's title 9, "Crimes Against the Person . . .," and that title's chapter 12 entitled "Other Injuries to Persons." The persons injured are patently those "dealers, manufacturers or producers" who are subjected to the "unfair competition" proscribed by section 351a. On the other hand, the offense, or attempted offense, of theft by obtaining money by false pretenses is defined and proscribed in the Penal Code's title 13, "Crimes Against Property." The crime of theft by obtaining money by false pretenses is a "crime against property" (see 1 Witkin, Cal. Crimes (1963) pp. 334-335), i.e., the property of the immediate victim of the false pretense. A code's title and chapter headings will properly be resorted to in doubtful cases for determination of the legislative intent. (*People* v. *Nichols,* 3 Cal.3d 150, 158-159 [89 Cal.Rptr. 721, 474 P.2d 673] [cert. den., 402 U.S. 910 (28

L.Ed.2d 652, 91 S.Ct. 1388)]; *Gonzales* v. *Superior Court,* 3 Cal.2d 260, 263 [44 P.2d 320]; *Ex parte Koser,* 60 Cal. 177, 192.) As said in *People* v. *Ruster, supra,* 16 Cal.3d 690, "the court should construe a statute with reference to the whole system of law of which it is a part."

Significant also is Penal Code section 351a's apparent concern only for "the true dealer, manufacturer or producer" of goods, and not the purchasing public. For if section 351a were to be deemed to supersede the general theft by false pretenses statute, then the special statute's "person" might, if for some reason he so chose, with criminal immunity defraud the general public by representing cheap and shoddy goods with its "dealer's, manufacturer's or producer's" consent, as those of his own carefully fabricated and high quality name or brand. (See last sentence of § 351a, fn. 3, *ante.*) Such an intent will not reasonably be attributed to the Legislature.

And, finally, we opine, a legislative purpose, without apparent reason, to abrogate the felony theft by false pretenses statute in the area of a merchant's relations with the purchasing public—and substituting therefor the sanctions of a minor misdemeanor[4]— seems most improbable.

■ We hold that the enactment of Penal Code section 351a was intended to relate to "unfair competition and substitution" only, and that it does not supplant the general criminal statutes in respect of a seller's relations with his customers or members of the public generally. The People's contention that Weltsch was properly charged with attempted grand theft is valid.

■ Our consideration turns now to the issue of Weltsch's appeal, whether the Joy perfume's seizure was violative of the Fourth Amendment.

On this issue the officers who participated in the Joy perfume's seizure testified to the following. Prior to the seizure they knew the perfume's producer, or its New York distributor, to be the owner of its "registered

---

[4]A convicted violator of Penal Code section 351a "is guilty of a misdemeanor and punishable by a fine of not less than fifty dollars or more than three hundred dollars, or by imprisonment in the county jail for not less than twenty or more than ninety days, . . ."

Penal Code section 19 provides: "Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a misdemeanor is punishable by imprisonment in the county jail not exceeding six months, or by fine not exceeding five hundred dollars, or by both."

trademark." 19 United States Code section 1526 forbade importation of such goods except with the trademark's owner's written consent. Without such consent, the statute said, the goods "shall be subject to seizure." Weltsch had, as heretofore noted, told the officers "that the shipment was bound for Mexico, but the peso had been devalued and therefore he got a real, real bargain on it, . . ." Because of the low price for which Weltsch had offered the perfume, and because it had been "bound for Mexico" before Weltsch had acquired it, the customs agent believed "that if he had that much Joy perfume, outside of the distribution channels, it was *smuggled or stolen.*" (Italics added.)

If smuggled into the United States, the perfume's entry was without the written consent of the trademark's owner and subject to seizure under 19 United States Code section 1526 and undoubtedly under other customs laws. If stolen property in plain view, it was also subject to seizure under well-known constitutional authority. (See *United States* v. *Ramsey,* 431 U.S. 606, 617 [52 L.Ed.2d 617, 627, 97 S.Ct. 1972]; *People* v. *Superior Court (Peck),* 10 Cal.3d 645, 648 [111 Cal.Rptr. 565, 517 P.2d 829].) We conclude that the officers, from information at that time known to them, had probable cause to seize the bottled substances produced by Weltsch. His cross-appeal is found to be without merit.

The order dismissing the information insofar as it charged attempted grand theft is reversed. The purported appeal of the People from certain nonappealable rulings, i.e., "The amendment of the information, on the court's motion and over the objection of the People, to charge violation of California Penal Code Section 351a, a misdemeanor, and the court's action in allowing the defendant to plead guilty to said amended information," is dismissed. (See Pen. Code, § 1238; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 31, p. 4046.)

Racanelli, P. J., and Devine, J.,* concurred.

The petition of the defendant and appellant for a hearing by the Supreme Court was denied November 15, 1978.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.