Opinion
FAINER, P. J.
Defendant, charged with possession of more than an ounce of marijuana (Health & Saf. Code, § 11357, subd. (c)), appeals from the denial of her motion to suppress evidence. She claims that the arresting officer had no right to seize a marijuana plant growing in her backyard and that her consent to the entry and search of her home was made in submission to authority.
The arresting officer had been advised by an elementary school principal that defendant’s daughter had brought marijuana to school and claimed that it was growing at home. When the officer went to the home, no one was present, so he walked along the common carport area to the back patio of defendant’s residence, an apartment in an apartment complex. Although the patio was enclosed, it had no gate. A tree was growing in the place where the gate should have been. The officer testified that he looked around the tree and saw a marijuana plant growing in plain sight. This constitutes substantial evidence upon which the trial court could base its implied finding that the marijuana plant was in plain sight. (People v. Lawler (1973) 9 Cal.3d 156, 160 [107 Cal.Rptr. 13, 507 P.2d 621].)
*Supp. 31 Since the plant was in plain sight, after the officer was able to see around the tree, the officer entered the enclosed backyard or patio and seized the plant. The questions initially confronting us are whether the observations were lawful and if they were, whether such lawful observation of the contraband was itself sufficient to justify the warrantless seizure. The observation was lawful. The mere fact that the police are not normally expected at a particular point of observation does not taint the observation, if it was otherwise legal; Dillon v. Superior Court (1972) 7 Cal.3d 305, 310 [102 Cal.Rptr. 161, 497 P.2d 505] (officer, in a neighbor’s house, by consent, viewed contraband that was otherwise out of public view; observations held admissible); People v. Berutko (1969) 71 Cal.2d 84, 91 [77 Cal.Rptr. 217, 453 P.2d 721] (observation of heroin through an opening in a curtained window from a common area available to other tenants of the apartment building was not illegal). The officer could not, absent exigent circumstances or consent, enter the yard or patio area where defendant had exhibited a reasonable expectation of privacy and seized the contraband in our instant case without first obtaining a warrant. California follows the rule that, whenever feasible, there can be no police intrusion into an area of private control without a valid search warrant. Arkansas v. Saunders (1979) 442 U.S. 753, 757-759 [61 L.Ed.2d 235, 240-241, 99 S.Ct. 2586]; U.S. v. Chadwick (1977) 433 U.S. 1, 6-9 [53 L.Ed.2d 538, 545-547; People v. Dalton (1979) 24 Cal.3d 850, 855 [157 Cal.Rptr. 497, 598 P.2d 467]; Guidi v. Superior Court (1973) 10 Cal.3d 1, 5 [109 Cal.Rptr. 684, 513 P.2d 908].)
In Coolidge v. New Hampshire (1971) 403 U.S. 443, 468 [29 L.Ed.2d 564, 584, 91 S.Ct. 2022], the United States Supreme Court held that “plain view alone is never enough to justify the warrantless seizure of evidence. This is simply a corollary of the familiar principle ... that no amount of probable cause can justify a warrantless search or seizure absent ‘exigent circumstances.’ Incontrovertible testimony of the senses that an incriminating object is on premises belonging to a criminal suspect may establish the fullest possible measure of probable cause. But even where the object is contraband, this Court has repeatedly stated and enforced the basic rule that the police may not enter and make a warrantless seizure.”
The Coolidge reasoning was followed in United States v. Coplen (9th Cir. 1976) 541 F.2d 211. There, United States customs agents searched an aircraft after one of the agents had looked through the window of the aircraft and observed marijuana debris in plain view. The court of *Supp. 32 appeals concluded that the observations through the window of the plane were lawful and did not violate the defendant’s reasonable expectation of privacy. Further, the court concluded that upon viewing the marijuana debris through the window, the agents had probable cause to search the aircraft (pp. 214-215). However, under the Coolidge reasoning, a warrantless search of the aircraft could be upheld only if there were exigent circumstances. (P. 215.) The court found that this requirement was met because the plane was parked on a runway, readily available to anyone who might want access, and there was a very real possibility that the plane might be removed and the marijuana debris destroyed. (P. 215.)
In State v. O’Herron (1977) 153 N.J.Super. 570 [380 A.2d 728] the Appellate Division of the New Jersey Superior Court applied the Coolidge reasoning to a factual situation similar to that which exists in this case. In O’Herron, the police received an anonymous call advising them that marijuana plants were growing in a vegetable garden. Upon proceeding to the address in question, the officers viewed the defendants’ garden from a vantage point outside their property and were able to observe and identify two marijuana plants. The officers then entered the defendants’ garden, further examined the plants and gathered them as evidence. After quoting at length from the Coolidge decision (Coolidge v. New Hampshire, supra, 403 U.S. 443), the O’Herron court held that a “plain view” observation made without intrusion into a constitutionally protected location does not, of itself, justify a warrantless intrusion.and seizure. (Pp. 730-733.) The court concluded that here the intrusion was into defendants’ backyard, a place which has long been recognized as enjoying constitutional protection, at least in the absence of any showing of some invited or authorized access to the public. (P. 733.) The court further held that the Coolidge requirement of exigent circumstances as a justification for a warrantless seizure could not be found to exist, since the marijuana was planted and growing, and there was no suggestion that the defendants were at home or that the plants were in imminent danger of being harvested. (P. 734.)
Our research discloses no California cases which have applied the Coolidge principles to a factual situation similar to that here present. In support of the position that the seizure in this case was proper, the prosecutor relies upon two cases, People v. Bradley (1969) 1 Cal.3d 80 [81 Cal.Rptr. 457, 460 P.2d 129], and Dillon v. Superior Court, supra, 7 Cal.3d 305 [102 Cal.Rptr. 161, 497 P.2d 505], both of which were decided before Coolidge v. New Hampshire, supra, 403 U.S. 443. In *Supp. 33 Bradley, a sheriff’s deputy observed marijuana growing in a yard which was fenced “to an undisclosed extent.” (P. 85.) The plants were located 20 feet from the defendant’s door, to which deliverymen and others presumably came. In addition, the house in front of the defendant’s apparently had access to the yard. The Bradley court confined its inquiry to determining whether the defendant had exhibited a reasonable expectation of privacy and, if so, whether it had been violated by unreasonable governmental intrusion when the officers entered the yard without a warrant and seized the marijuana. (P. 84.) Answering both questions in the negative, the court upheld the seizure of the plants. (P. 85.)
Dillon v. Superior Court, supra, 7 Cal.3d 305 (which we have previously cited as authority for the legality of the police observations) involved a situation where the defendant’s neighbor had complained to the police that she observed what appeared to be marijuana plants growing in the defendant’s yard. Although the defendant’s yard was separated from her neighbor’s yard by a fence, the police were able to observe the marijuana plants from the second-story bedroom window of the neighbor’s house. The Dillon court upheld both the propriety of the officer’s observations and the right of the police to enter the yard to make a warrantless seizure of 'the marijuana plants. It must be noted, however, that such upholding appears to have been based upon two facts: (1) The growing plants were vulnerable to observation by any of the defendant’s neighbors; and (2) The defendant voluntarily agreed to accompany the officers into the yard.[1]
People v. Bradley, supra, 1 Cal.3d 80, and Dillon v. Superior Court, supra, 7 Cal.3d 305, appear to stand for the proposition that a warrant-less seizure of contraband is lawful if a defendant has made no effort to conceal his felonious activities from public view.[2] Assuming this princi *Supp. 34 pie to be valid in the light of the Coolidge holding (Coolidge v. New Hampshire, supra, 403 U.S. 443), it is nevertheless evident that, in this „ instance, the facts of the case are readily distinguishable from those in Bradley and Dillon. The fact that the marijuana plants growing in defendant’s patio could be observed only while looking around the tree of the enclosed patio does not establish that defendant had necessarily abandoned all reasonable expectation of privacy so as to render her backyard vulnerable to a warrantless search and seizure. In State v. O’Herron, supra, 380 A.2d 728, 733, the court expressly rejected the state’s contention that, by permitting visual observation of the marijuana plants from outside the premises, the defendant had abandoned any expectation of privacy from physical intrusion. The O’Herron court stated, “This contention, if adopted, would necessarily overrule the principle summarized in Coolidge that ‘plain view alone is never enough to justify the warrantless seizure of evidence’; for if ‘reasonable expectation of privacy’ dissipates upon ‘plain view,’ then every warrantless intrusion following a ‘plain view’ observation is lawful.” (State v. O’Herron, supra, 380 A.2d 728, 733.)
We now hold that the reasoning of our Supreme Court in People v. Ramey (1976) 16 Cal.3d 263, 276 [127 Cal.Rptr. 629, 545 P.2d 1333] and People v. Dumas (1973) 9 Cal.3d 871, 881, 882, footnote 8 [109 Cal.Rptr. 304, 512 P.2d 1208], requiring an arrest warrant or a search warrant before a dwelling can be entered also applies to an area where a defendant has exhibited a reasonable expectation of privacy. In Phelan v. Superior Court (1979) 90 Cal.App.3d 1005 [153 Cal.Rptr. 738], it was held that the defendant had made a reasonable effort to keep his garden private and the police, who thought they were viewing the garden area from adjoining property of another owner, but were in fact on defendant’s land, invaded his privacy and the evidence obtained in the subsequent seizure without a warrant must be suppressed. The significance of the Phelan holding for defendant Arroyo however is that it applied a test requiring the defendant to exhibit a reasonable expectation of privacy. The test of reasonableness is “dependent upon the totality of facts and circumstances involved in the context of each case.” (Phelan v. Superior Court, supra, 90 Cal.App.3d 1005, 1011.)
In our instant case, it cannot be said that defendant Arroyo exhibited so minimal an expectation of privacy as to waive her Fourth Amendment rights and thereby extend to the police an implied invitation to enter her enclosed backyard patio. Considering the totality of the facts and circumstances gleaned from the record, defendant exhibit *Supp. 35 ed a reasonable expectation of privacy in the patio. Entry to the patio could only be gained through defendant’s apartment or by squeezing through a former gate area permanently blocked by a tree. The marijuana plant was concealed from view by anyone who didn’t come up to the tree in the former gate area and look around it into the enclosed patio. We reject any attempt to justify the warrantless search on any implied invitation theory.
It is clear from our record that no exigent circumstances existed. There was nothing to suggest that defendant was going to immediately pick or harvest the plant. She wasn’t even home. The officer had ample time to obtain a search warrant without fear that the marijuana would have been picked or destroyed.
When defendant arrived home, the officer approached her intending to arrest her because of the marijuana that he had observed and seized. The officer was invited into defendant’s apartment at this time. Defendant testified that the invitation was issued only after she was given the alternative of going to the police station. Our conclusion that the warrantless seizure of the marijuana plant was illegal does not compel a further conclusion that the consent to enter and search the defendant’s apartment was made under submission to police authority. When the police officer had observed the plant, which observation was lawful, he had probable cause to arrest the occupant of the apartment for the unlawful possession of a marijuana plant. This was a misdemeanor committed in his presence. (Pen. Code, § 836, subd. 1.) The elements of probable cause were completed when the defendant was identified as the occupant of the apartment. Having probable cause for an arrest, there is nothing illegal about the officer’s seeking the arrestee’s consent to search the premises provided that the consent was obtained voluntarily. As our Supreme Court pointed out in People v. James (1977) 19 Cal.3d 99 at page 107 [137 Cal.Rptr. 447, 561 P.2d 1135], our role in reviewing the resolution of the voluntariness of the consent is limited. “The question of the voluntariness of the consent is to be determined in the first instance by the trier of fact; and in that stage of the process, ‘The power to judge credibility of witnesses, resolve conflicts in testimony, weigh evidence and draw factual inferences, is vested in the trial court. On appeal all presumptions favor proper exercise of that power, and the trial court’s findings—whether express or implied—must be upheld if supported by substantial evidence.’ [Citations omitted.]” Accepting the prosecution’s version of the evidence, as we must, People v. Lawler, supra, 9 Cal.3d 156, there is *Supp. 36 substantial evidence that the defendant consented freely. The police officer cannot be said to have coerced the consent or otherwise obtained an involuntary consent to enter and search defendant’s apartment by a threat of unlawful police authority. The police officer had probable cause to arrest the defendant, intended to arrest the defendant and, under the circumstances, had a right to give the defendant Arroyo the choice of letting the officer into her apartment to conduct a search or to go downtown. The intervening warrantless and unlawful seizure of the marijuana plant by the officer does not vitiate or destroy the probable cause that existed by virtue of- the officer’s lawful observations of the marijuana plant and the identity of the defendant as the occupant of the apartment. This is not a case in which the searching officer’s illegal acts vitiate a voluntary consent. (See People v. Lawler, supra, 9 Cal.3d 156, 164; People v. Shelton (1964) 60 Cal.2d 740, 746 [36 Cal.Rptr. 433, 388 P.2d 665]; People v. Michael (1955) 45 Cal.2d 751, 753 [290 P.2d 852].) It may be that the illegal conduct of the officer in seizing the marijuana plant played a substantial part in the mental process of the defendant Arroyo in giving her consent (Mann v. Superior Court (1970) 3 Cal.3d 1 [88 Cal.Rptr. 380, 472 P.2d 468]), but her mental process is not relevant in this case. As we have pointed out, there was probable cause to arrest her and the consent was obtained voluntarily. (People v. James, supra, 19 Cal.3d 99, 110-113.)
Defendant’s final argument with regard to the adequacy of the information supplied by the school principal, is without merit in view of the determination that consent was freely given after the officer had observed the marijuana plant in plain view.
The order denying the motion to suppress is affirmed.
Jones, J., and Bernstein, J., concurred.

“[P]etitioncr agreed to walking around to the back of the house with the officers. Her consent to this action would clearly seem to prevent her from complaining of the alleged illegal search.” (Dillon v. Superior Court, supra, 7 Cal.3d 305, 311.)

In Lorenzana v. Superior Court (1973) 9 Cal.3d 626, 632-634 [108 Cal.Rptr. 585, 511 P.2d 33], the California Supreme Court expressed the view that the Bradley case and certain other California cases involved situations where a defendant had conducted his felonious activity in an area so open to public view that he could be deemed to have “implicitly invited” the police to observe and seize the contraband.
In People v. Sneed (1973) 32 Cal.App.3d 535, 541-542 [108 Cal.Rptr. 146], the court noted that California Supreme Court cases decided subsequent to Bradley and Dillon had made it clear that an individual, by his conduct, might consent to observations from some sources, while retaining his right to privacy as to other sources, including government agents.