Opinion
FAINER, P. J.
The People appeal from the order of the trial court granting defendant’s motion to suppress evidence, contending, among other things, that the warrantless search of a suitcase in defendant’s motel room did not violate his Fourth Amendment rights. We agree and reverse.
Two police officers, in uniform, had gone to defendant’s motel room to investigate a citizen’s complaint that the defendant and a companion had refused to pay a taxicab fare. The officers had neither a search warrant nor an arrest warrant. One of the officers knocked on the door of defendant’s motel room, and in response to defendant’s inquiry, stated that he was a police officer and would like to talk about the unpaid cab fare. The officer requested that the defendant open the door. Defendant partially opened the door and the officer, from this vantage point, saw in plain view inside the motel room various items that he recognized as narcotic and drug use paraphernalia and some substance which he believed, based on his training and experience, to be narcotics *Supp. 31 or drugs. The officer immediately entered the room, believing that the defendant was engaging in either using, possessing or selling narcotics and drugs. He advised the defendant and a second individual in the room of their Miranda rights. (Miranda v. Arizona (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].) Defendant waived his rights, saying that he had nothing to hide. The officer then asked the defendant if there were any other narcotics in the room. The defendant replied, “All we have is a bag of Columbian in that bag,” pointing to a suitcase which was about two feet behind the defendant. The other officer then opened the suitcase and removed two plastic baggies containing marijuana. Defendant was charged with a violation of Health and Safety Code, section 11357, subdivision (c), (possession of more than one ounce of marijuana).
At the conclusion of defendant’s motion to suppress the trial judge granted the motion and as the People were unable to proceed, the complaint was dismissed. The record on appeal does not disclose the reasons of the trial court in granting the motion to suppress except that the trial court found that the defendant had a reasonable expectation of privacy in the suitcase and the warrantless search of the suitcase and the seizure of the marijuana contents violated defendant’s Fourth Amendment rights.
There was no violation of defendant’s Fourth Amendment rights when the police officer entered the motel room after .seeing what he believed to be narcotics and drugs and associated paraphernalia. The officer had knocked on the motel room door and had requested defendant to open it, announcing that he wanted to talk about a failure of the defendant to pay a taxicab fare. “Officers are permitted to seek interviews of persons at their homes and there is nothing illegal about looking through the open door, which is opened without any show of force or coercion [citation]. Looking through a partially open door is not an illegal search.” (People v. Boone (1969) 2 Cal.App.3d 66, 69 [82 Cal.Rptr. 398].) Any arrest that is otherwise proper will ordinarily be found to be illegal if it is accomplished by entering a house or other residence without first demanding entry and explaining the purpose of the visit. (Pen. Code, § 844.) There was substantial evidence to support the trial court’s implied finding that the “knock-notice” requirements of this Penal Code section were not violated in the case at bar.
Upon observing what the officer reasonably believed to be narcotics and associated paraphernalia, he had probable cause to arrest defendant *Supp. 32 on a narcotics charge. “Reasonable cause [for an arrest] has been generally defined to be such a state of facts as would lead a man of ordinary care and [reasonable] prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime.” (People v. Ingle (1960) 53 Cal.2d 407, 412 [2 Cal.Rptr. 14, 348 P.2d 577].) The police officer was experienced in the identification of drugs, narcotics and drug paraphernalia. The officer’s experience plus his observations through the partially open door provided probable cause to make an arrest for drug possession or use. (See People v. Dunkel (1977) 71 Cal.App.3d 928, 932 [139 Cal.Rptr. 685]; see also People v. Gale (1973) 9 Cal.3d 788, 795 [108 Cal.Rptr. 852, 511 P.2d 1204].)
The fact that the officer had probable cause to make an arrest does not, however, permit the officer to enter the defendant’s residence or dwelling place without a warrant to make the arrest unless there are exigent circumstances. (People v. Ramey (1976) 16 Cal.3d 263, 275, 276 [127 Cal.Rptr. 629, 545 P.2d 1333].) Under the Ramey rule, no warrant was required for an arrest in the motel residence in the case at bar because exigent circumstances existed. “In this context ‘exigent circumstances’ means an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, or to forestall the imminent escape of a suspect or destruction of evidence. There is no ready litmus test for determining whether such circumstances exist, and in each case the claim of an extraordinary situation must be measured by the facts known to the officers.” (Id., 16 Cal.3d at p. 276.) Although the officer did not specifically articulate the exigent circumstances which he felt required him and his partner to enter the motel room of defendant Johnson without a warrant, it is clear that the failure of the officers to take prompt action in entering might have permitted the suspects to escape or to destroy the evidence that the officer saw from outside the room.[1]
Turning to the second phase of the officer’s conduct, the opening of the suitcase and seizing the marijuana, we first discuss the general rule of law concerning the Fourth Amendment rights of defendants with respect to the contents of closed containers. The United *Supp. 33 States Supreme Court in United States v. Chadwick (1977) 433 U.S. 1 [53 L.Ed.2d 538, 97 S.Ct. 2476], held that the search of a closed container, which was in the exclusive custody and control of the police, was illegal in absence of articulated facts showing exigent circumstances, a consent or a search warrant. The Chadwick opinion focused on the warrant clause of the Fourth Amendment rather than on the reasonableness test, holding that the warrant requirement is not limited to “... dwellings and other specifically designated locales ... [but rather] ... it protects people from unreasonable government intrusions into their legitimate expectations of privacy.” (Id., 433 U.S. at p. 7 [53 L.Ed.2d at p. 546].) Chadwick held invalid a warrantless search of a closed container in the exclusive custody of government agencies even though they had probable cause to believe it contained contraband. The opinion rejected the search of the container, which was personal property in the possession of persons arrested on adequate probable cause, stating that the defendants had a “. .. privacy interest in the contents of the footlocker ...” and this constitutionally protected right was not eliminated simply because the defendants were under arrest. (Id., 433 U.S. at p. 16, fn. 10 [53 L.Ed.2d at p. 551].) In the instant case the officers had probable cause to believe that the suitcase contained marijuana, once defendant told them there was “Columbian in that bag.”[2] It would have been a simple matter, of course, for them to have taken the suitcase into their exclusive control and to have removed it with its contents to the police station where they could have obtained a search warrant. This was the procedure suggested for law enforcement officers by the United States Supreme Court in Arkansas v. Sanders (1979) 442 U.S. 753, 762-766 [61 L.Ed.2d 235, 243-246, 99 S.Ct. 2586], and would have been required in the present case if the defendant had exhibited a reasonable expectation of privacy in the contents of the suitcase.
Arkansas v. Sanders, supra, at pages 764-765, footnote 13 [61 L.Ed.2d at pages 245-246], tells us that not all containers and packages found by police during the course of an arrest or investigation deserve the full protection of the Fourth Amendment. Some containers, such as gun cases, by their very nature cannot support any reasonable expectation of privacy because their contents can be inferred from their outward appearances. In the recent opinion of Robbins v. California (1981) 453 U.S. 420 [69 L.Ed.2d 744, 101 S.Ct. 2841], the United *Supp. 34 States Supreme Court, in interpreting footnote 13 of its Arkansas v. Sanders opinion said that its application is limited to the “plain view exception” as the distinctive configuration of a container proclaiming its contents cannot fairly be said to have been removed from the searching officer’s view; therefore, there is no reasonable expectation of privacy in that container. We now hold that if the configuration of a container can proclaim its contents and thereby manifest or exhibit a lack of an expectation of privacy, then a suspect’s statement after a Miranda waiver that there is contraband in a closed container in his possession or control must also be construed as a relinquishment of any claim to privacy in the container’s contents. Under such circumstances, the privacy interest in the contents of the closed container is eliminated of the subject’s own volition, and there remains no Fourth Amendment protection to the contents. This is the situation in the case at bar. Once defendant Johnson told the police officers that there was “Columbian” (marijuana) in the suitcase, the contents were no longer constitutionally protected. In admitting the suitcase contents were contraband, the defendant, Johnson, manifested no reasonable expectation of privacy.
In Arkansas v. Sanders, supra, 442 U.S. 753, 759-760 [61 L.Ed.2d 235, 241-242], the court emphasized that exceptions to the warrant requirement are few and they are “jealously and carefully drawn.” The burden of showing the need for an exception or exemption from the warrant requirement is on those seeking it. In Coolidge v. New Hampshire (1971) 403 U.S. 443, 468 [29 L.Ed.2d 564, 584, 91 S.Ct. 2022], the United States Supreme Court again emphasized that no amount of probable cause can justify a warrantless search or seizure, absent exigent circumstances. We interpret these expressions to refer only to those situations in which there is a Fourth Amendment right to protection involved. Conversely, there is no need for a search warrant in order to examine a container that is not constitutionally protected. The contents of such a container may be examined, and if contraband or evidence is found, it may be seized, without a warrant, even though there is no consent or exigent circumstance.
The search and seizure of the contents of defendant’s suitcase was proper and his suppression motion should have been denied. It is unnecessary for us to distinguish or discuss other California appellate cases that have dealt with the Chadwick rule on the law of closed containers, as none of those cited to us or discovered by us in our independent research deal with the subject on the basis that the defendant has failed to exhibit or manifest a reasonable expectation of privacy in the *Supp. 35 container. We follow the lead of those California appellate decisions which have applied the doctrine of a defendant’s reasonable expectation of privacy to areas, as distinguished from closed containers. These cases point out that the test of reasonableness is dependent upon the totality of the facts and circumstances involved in the context of each case. (See Phelan v. Superior Court (1979) 90 Cal.App.3d 1005, 1011 [153 Cal.Rptr. 738]; People v. Arroyo (1981) 120 Cal.App.3d Supp. 27, 34-35 [174 Cal.Rptr. 678].)
We determine that it is unnecessary to consider the question of whether the defendant consented to a search of the contents of the suitcase when the defendant made his admission that it contained, marijuana after a Miranda waiver. As a reviewing court, we must decide whether the trial court’s ruling was right or wrong, based on the arguments presented to it. New “justifications” by the prosecutor, which are presented for the first time on appeal and not presented in the court below will not be considered or countenanced. (Lorenzana v. Superior Court (1973) 9 Cal.3d 626, 640 [108 Cal.Rptr. 585, 511 P.2d 33].) It does not appear that the prosecution relied upon consent as a justification for the search or seizure, nor from the officer’s testimony, does it appear that the claim that defendant consented to the opening of the suitcase in fact occurred to the police at the time they made the search. (Mestas v. Superior Court (1972) 7 Cal.3d 537, 542 [102 Cal.Rptr. 729, 498 P.2d 977].) We recognize that consent might have been implied from the words used by the defendant in this case (see People v. Superior Court (Peck) (1974) 10 Cal.3d 645, 648-649 [111 Cal.Rptr. 565, 517 P.2d 829]; People v. Superior Court Henry) (1974) 41 Cal.App.3d 636, 639 [116 Cal.Rptr. 24]), but as this issue was not raised in the trial court, we do not consider it in reaching our decision.
The order granting defendant’s motion to suppress and the order granting defendant’s motion to dismiss the complaint are reversed. This matter is remanded to the municipal court with directions to reinstate the complaint and for further proceedings consistent with this opinion.
Jones, J., and Rothman, J.,* concurred.

The motel room was occupied so the officers could have secured it to prevent the occupants from escaping while they obtained a warrant; they could not, however, prevent the destruction of evidence while they were on the outside and the defendant and his companion were on the inside. (See People v. Superior Court (Hulbert) (1977) 74 Cal.App.3d 407, 417-419 [141 Cal.Rptr. 497].)

At the suppression motion hearing in the trial court, all parties recognized that the word “Columbian” was used by defendant and understood by the offices to refer to marijuana.

 Assigned by the Chairperson of the Judicial Council.